[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: MARCH 20, 1998 DATE OF APPLICATION: MARCH 23, 1998 DATE OF APPLICATION FILED: MARCH 23, 1998 DATE OF DECISION: DECEMBER 10, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven, Docket Number CR96-430162.
Robert O'Brien, Esq. For the State of Connecticut.
Jeremiah Donovan, Esq. For the Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
In a five count information, Mr. Rodriguez was charged in count one, with sexual assault in the first degree, in violation of General Statutes § 53a-70 (a) (2); in count two, with sexual assault in the first degree, in violation of General Statutes § 53a-70 (a) (2); in count three, with sexual assault in the first degree, in violation of General Statutes General Statutes § 53a-70 (a) (1); in count four, with attempted sexual assault in the first degree, in violation of General Statutes § 53a-49 and § 53a-70 (a) (2); and in count five, with risk of injury to a minor, in violation of General Statutes § 53-21
(1).
The jury found the petitioner guilty on all five counts.
The petitioner was sentenced on count one to seven years; on count two to seven years; on count three to twenty years, execution suspended after twelve years; on count four to five years; and on count five to ten years. The sentences were ordered to run concurrently with each other, CT Page 717 for a total effective sentence of twenty years suspended after twelve years. He was also sentenced to five years' probation.
The jury reasonably could have found the following facts: In 1989, at the time the sexual assaults began, the victim, her mother and the petitioner all lived together. The victim was ten years old. During the summer of that year, the petitioner began to perform oral sex on the victim approximately two or three times per week. The defendant also attempted to have the victim perform fellatio on him, but she refused. When the victim was eleven years old, the petitioner began having sexual intercourse with her in his bedroom and the living room of their dwelling.
One morning in 1991, the victim's mother returned home from work and found the petitioner in bed with the victim in the victim's bed. The petitioner immediately pretended that he was trying to wake the victim, but he had an erection when he got out of the bed.
At trial, the state proffered testimony about the physical and psychological effects of the sexual abuse. The victim testified that she starved herself, her hair became brittle as a result of her deficient diet and that she became dizzy at school.
Counsel for the petitioner argues to the Division to consider the petitioner's background. The sentence is excessive in light of the petitioner's family background, his lack of prior criminal history, and his impeccable work history[1].
Counsel for the State urges the Division to affirm the trial court's sentence. The petitioner elected a trial by jury, which heard testimony and convicted him in accordance with evidence presented at trial. Counsel for the State urged the panel to consider the trauma the victim has experienced based upon the criminal conduct of the petitioner. Finally, the sentencing Court considered the petitioner's background in fashioning the sentence imposed.
The petitioner addressed the Division and emphasized his family background, his contributions to society and maintained that he is absolutely innocent of the charges. Further, the petitioner expressed that he is waiting for the day when the "truth will come out."
The record reveals the trial court, prior to imposing sentence, stated clearly for the record its reasons. The trial court stated:
"This is a case that has tragedy written all over it, in every sense of CT Page 718 the word. The defendant appears to have come from a good family. He had a good upbringing. He finished school, he was active in athletics. He had a good work record. He has no previous criminal record. He served his country honorably in the service and obviously served his State honorably in the Corrections Department. I have no doubt that people who know him speak well of him. On the other hand, he has been convicted by a jury of some horrendous charges. And having sat through that trial . . .
 Damage to the victim and to some extent to the victim's family has been horrendous. No child should ever, ever have to experience what the evidence revealed here, under any circumstances. The Court read the psychological records of the victim and the impact upon her was staggering. The fact that she was able to make it through this trial, I think speaks volumes about her inner strength, and certainly gives hopes for her future. The Court certainly hopes that she can finally get this behind her and go on with her life, which clearly she must and as her family must as well.
 Understanding the defendant's behavior is very difficult, but it was unspeakably wrong, it was intolerable and it was criminal. And to make matters worse, there was a violation of a trust. . . ."
The sentence imposed is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the petitioner.
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., Connecticut General Statute § 51-194 et seq.
In reviewing the sentence pursuant to § 43-28 of the Practice Book. The Division cannot conclude it was either inappropriate or disproportionate.
The sentence is AFFIRMED.
 HOLDEN, J. MIANO, J. FORD, J.
Miano, J., Ford, J. and Holden, J. participated in this decision.